In the Matter of the Estate of FRIDA ADLER, Deceased.

Surrogate's Court, New York County, April 2, 1934.

*Engelhard, Pollak, Pitcher, Stern & Clarke,* for the petitioners.

*Davis, Polk, Wardwell, Gardiner & Reed,* for the respondent Guaranty Trust Company of New York, as trustee, etc.

*Samuel A. Berger,* special guardian of Frances Adler.

DELEHANTY, S.   On this executors' accounting it is necessary to determine how the burden of Federal and State estate taxes shall be borne.

A voluntary trust was created by deceased in her lifetime for the benefit of her daughter.   The trust is still operative.   Its capital is valued in the tax proceeding at $128,780.15.   The daughter's life interest in the trust is valued as of death of the grantor at $73,329.   By the will of deceased her daughter receives a benefit which has been valued at $19,964.23.   Under the Tax Law she is entitled to a $5,000 exemption in computing the tax payable on her interests.

In Schedule H of the account the entire amount of the New York State estate tax is set up and apportioned.   In respect of a grandchild and two children of deceased who have no interests under the trust indenture the respective share of the net estate is credited in each instance with $5,000 and the tax on the balance is then computed at the lowest applicable tax rate and thus the amount of tax allocable to these beneficiaries is reached.   In the case of the daughter who is beneficiary under the trust indenture the share due her under the terms of the will is credited with $5,000 and the burden of the tax upon her benefit under the will (as so reduced) is computed again at the lowest rates.   The total value of the trust corpus as of date of death is then shown and the amount of New York estate tax apportioned to such corpus is computed on the basis of the partial exhaustion of the lower tax bracket by reason of the benefit passing by the will.   This results in application of rates

in the higher brackets to the corpus of the trust without any benefit from the $5,000 deduction.

The entire burden of the Federal estate tax is allocated by the executors to the trust corpus for the reason, as stated by them, that the property passing by the will alone would not have been taxable by the Federal government and that the Federal tax attaches only because the United States Revenue Act required the corpus of the trust for the benefit of the daughter to be included for the purpose of computing a Federal estate tax. The executors have treated the benefit passing under the will to the daughter as free of Federal tax.

The trustee of the trust for the daughter objects to this method of treating the tax burden and asserts that the scheme of apportionment of the New York State estate tax is erroneous and that the benefit of the $5,000 deduction should be given ratably to the trust fund. As to the Federal estate tax the trustee also objects to the proposed treatment by the executors and asserts that the specific exemption by the United States Revenue Act shall be applied to the gross bulk of taxable property and that only so much of the tax found to be payable to the Federal government shall be charged to the capital of the trust fund as is fixed by the fraction which the trust fund capital bears to the total taxable property.

Section 124 of the Decedent Estate Law governs the apportionment of death taxes imposed by Federal and State authority. It provides that if an executor has paid a death tax levied under any Federal law providing therefor or levied under the Tax Law, " the amount of the tax so paid  *  *  *  shall be equitably prorated among the persons interested in the estate  *  *  *. Such proration shall be made by the surrogate in the proportion, as near as may be, that the value of the  *  *  *  benefit of each such person bears to the total  *  *  *  benefits received by all such persons interested in the estate, except that in making such proration allowances shall be made for any exemptions."

The Decedent Estate Law follows the language of the Tax Law. The latter in section 249-r defines the gross estate for tax purposes as inclusive of property of the sort herein referred to as the trust fund. The Tax Law, section 249-s, defines the net estate for tax purposes as the amount remaining after deducting from the value of the gross estate certain authorized expenses, gifts and transfers.

In fixing the tax and providing for exemptions, the Tax Law, in section 249-q, says: " The tax of four-fifths of one per centum of the amount of the net estate not in excess of one hundred and fifty thousand dollars imposed by section two hundred and forty-nine-n of this article shall not be payable with respect to  *  *  *

" b. The amount of the net estate not exceeding five thousand dollars in each instance, transferred to a lineal ancestor or descendant."

The terms " gross estate," " net estate " and " persons interested in the estate " are defined in the Tax Law, section 249-m.

The " estate " referred to in the Tax Law is a purely artificial creation. It is not the true estate of deceased. It is a convenient descriptive term which is inclusive of property rights which pass by reason of the fact of death. An " estate " for tax purposes may have no relationship to property passing by will or by intestacy because the word would be equally applicable to a fund subject to tax which was derived wholly from a voluntary or *inter vivos* trust.

In the section of the Tax Law which deals with exemptions it is to be noted that the law specifically refers to a diminution of tax in favor of near kin of the person whose death caused the incidence of the tax; and that the exemption is not used to reduce the " estate " subject to tax. By the Tax Law the right to a reduced tax is applicable only to so much of the tax as accrues by reason of the existence of taxable property within the lowest bracket.

In the case here for consideration the aggregate of the trust corpus and of the benefit accruing under the will of deceased to the beneficiary of income under the trust is less than $150,000 and hence less than the quantity of the " estate " taxable at the minimum rate of State tax.

Dealing with the " estate " as an artificial creation of the Tax Law, it is plain that no distinction is made between taxable property derived from a will and that derived from any other source and required to be included in the " estate." It is also to be noted that the exemption provided in the Tax Law is available for use in computing the burden of the tax imposed on so much of the " estate " as is included in the lowest taxable bracket. There is, therefore, no basis in the Tax Law upon which claim may be predicated justly that the exemption is applicable to the benefits accruing under the will only. All benefits are deemed to be in a single pool and so there is no basis for allocation of tax except that ascertained by the respective interests in the pool which is taxed. On this basis the benefit of the exemption from tax inures to the aggregate of the benefits received by the person entitled to the exemption. This results in an equitable proration of the tax.

For the reasons stated, the method of allocation of the burden of the New York State estate tax suggested by the objectant is approved as the correct one. Thereby there is allocated to the benefit passing under the will, or $19,964.23, that portion or fraction of the $5,000 deduction which the sum stated bears to the total

benefits passing to the daughter of deceased, or $93,356.23. The balance of the benefit of the exemption is properly given to the trust fund.

As to the Federal estate tax, argument is made that since the property passing under the will would not have been taxable at all except for inclusion in the artificial " estate " of the corpus of the trust, the latter should bear the entire tax. This argument is predicated upon the assumption that the property passing by will is for tax purposes separately treated. As stated above, the " estate " for tax purposes is a wholly artificial concept. The Federal estate tax must be apportioned among those receiving a share of the estate in the proportion which the share received bears to the total taxable property.

It is perhaps possible that under unusual conditions the beneficiary under a will might find himself required to contribute heavily to a tax imposed because of inclusion in the artificial " estate " for tax purposes of property included solely by reason of the Tax Law. This result is one which can be corrected only by legislative action. As the law now stands that hazard exists.

To the extent noted the objections are sustained. A decree may be submitted settling the account accordingly.